## FIREMAN'S FUND INSURANCE COMPANY, Plaintiff–Appellee,

v.

## OREGON COLD STORAGE, LLC, Defendant–Appellant.

### No. 99–36064.
### D.C. No. CV–98–01501–HA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided June 13, 2001.

Before GOODWIN, GREENBERG,* and RAWLINSON, Circuit Judges.

MEMORANDUM **

Oregon Cold Storage LLC, dba Valley Warehouse & Cold Storage ("OCS") appeals the district court's summary judgment in favor of plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") in a diversity action involving an insurance coverage dispute under an all-risk property damage policy purchased by OCS from Fireman's Fund. Fireman's Fund denied coverage for damage to the floors of OCS's cold storage facility and filed a declaratory judgment action seeking validation of its stance. OCS then filed an action for

---

* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

breach of contract and declaratory relief against Fireman's Fund, and the cases were consolidated in the district court. The district court granted summary judgment to Fireman's Fund. We affirm.

After purchasing the building, OCS discovered that the support beams and posts under the floors had been damaged. There was extensive rotting, and three experts were hired by Fireman's Fund to investigate the problem. They concluded that the deterioration and rot of the wood subflooring were a result of a long-term process of moisture condensation, freezing, heaving and deterioration that began 10–20 years earlier. They pointed to moisture, condensation and fungal growth as the causes of the wood rot, and one expert pointed to the defective design of the insulation system and underfloor warming system that caused the failure of the freezer storage warehouse to function properly. OCS's two consultants added that contributing causes included the lack of a vapor barrier in the crawl space, the restricted air flow, the lack of an underfloor ventilation system adequate to handle the moisture, and gravel and dirt in the ventilation culverts, which further reduced the airflow.

We hold that the district court correctly concluded that coverage for OCS's loss was excluded by the insurance contract exclusions. These provisions excluded coverage for damage caused by or resulting from, among other things, gradual deterioration, mold, and wet or dry rot. The record clearly reflects that damage to the floors was caused by rotting, molding and deterioration. Oregon Cold Storage's argument that the moisture and condensation were the causes of the damage and that the rotting was the damage rather than cause of the damage is untenable. Although moisture and condensation may have been causes of the rotting, this does not eliminate rotting as a cause of the damage. Oregon Cold Storage failed to raise a material issue of fact regarding coverage. Accordingly, summary judgment was properly granted in favor of Fireman's Fund. *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Because we conclude that coverage was excluded by the insurance contract exclusions, we do not address Fireman Fund's other arguments, including the question of whether the district court correctly concluded that OCS failed to meet its burden of proving that loss to OCS "commenced" during the period of coverage under the insurance contract. We also do not address OCS's argument that Oregon has accepted the manifestation theory and that there is coverage under this theory.

AFFIRMED.